IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TONY C. BROACH, #136351, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:06-CV-1111-MEF |
| ) | [WO] |
| ) | |
| STATE OF ALABAMA OFFICE ) | |
| OF THE ATTORNEY GENERAL, et al., ) | |
| ) | |
| Defendants. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

In this 42 U.S.C. § 1983 action, Tony C. Broach ["Broach"], a state inmate presently confined at the Fountain Correctional Facility, challenges the constitutionality of actions undertaken during proceedings related to a state civil action initially filed in the Circuit Court of Montgomery County, Alabama and subsequently transferred to the Circuit Court of Escambia County, Alabama.[1]  Specifically, Broach asserts that Tracy McCooey, the judge assigned his case in Montgomery County, failed to grant judgment in his favor based on a properly filed motion and thereafter erroneously transferred his case to Escambia

---

[1] Broach initiated his state civil action as "a petition for writ of certiorari to be issued against the Alabama Department of Corrections averring they are arbitrar[ily] and malicious[ly] prosecuting inmate(s) under an invalid regulation which governs disciplinary procedures (Administrative Regulation #403) [in the Alabama prison system].... [On August 3, 2004], Circuit Judge McCooey granted respondents motion to convert and transfer over plaintiff's object[ions] ... converted [the action] to [a] habeas corpus petition ... and transferred [the case] to Escambia County." *Court Doc. No. 1-1* at 6 - *Attachment to the Complaint* at 2.

County. Broach further questions the jurisdiction of the Circuit Court of Escambia County and argues that the state court's refusal to address his claim alleging lack of jurisdiction deprives him of due process. Finally, Broach asserts that the state courts violated his equal protection rights by ignoring previously established state law in rendering their decisions.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(i).[2]

## DISCUSSION

In the complaint now before this court, Broach challenges rulings issued by the Circuit Court of Montgomery County and the Circuit Court of Escambia County on his petition for writ of certiorari/habeas corpus petition. Broach seeks declaratory relief for the adverse rulings issued by the state courts in the aforementioned proceedings and requests rulings in his favor on the claims presented to the state courts. "The *Rooker-Feldman* doctrine prevents ... lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. V. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, ____ U.S. ____, 126

---

[2]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

S.Ct. 1198, 1199 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Broach from proceeding before this court as this case is an aggrieved state court litigant "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 125 S.Ct. At 1201; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (a plaintiff may not seek review of state court decisions in federal district court as such courts are not the proper avenue of review for "challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (party challenging adverse state court rulings who has failed to properly appeal or otherwise seek available review "cannot be permitted to do indirectly what he no longer can do directly."). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (section 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, dismissal of Broach's complaint challenging actions undertaken by the state courts during proceedings related to his state civil action is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. State of Georgia Pardons and*

3

*Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319 (1989).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that on or January 31, 2007 the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981,

*en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 18th day of January, 2007.

 /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE